1 | VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
2 | STEVEN H. BURKE, ESQ.
Nevada Bar No.: 14037
3 | THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 244
4 | Las Vegas, NV 89123
Tel.: 702-476-2500
5 | Fax.: 702-476-2788
vnelson@nelsonlawfirmlv.com
6 | sburke@nelsonlawfirmlv.com
*Attorney for Plaintiff Mark Werner*

7

8 | UNITED STATES DISTRICT COURT

9 | STATE OF NEVADA

10 | MARK WERNER,                                    Case No.:

11 |                          Plaintiff,

12 | v.                                              **COMPLAINT FOR DAMAGES
                                                     PURSUANT TO THE FAIR DEBT
13 | STARPOINT MITIGATION LLC                        COLLECTION PRACTICES
                                                     ACT 15 § 1692, ET. SEQ.
14 |                          Defendant.             AND RELATED STATE LAWS**

15 |                                                 **AND JURY DEMAND**

16

17 |        Plaintiff, MARK WERNER ("Plaintiff" or "Mr. Werner"), by and through his attorneys of

18 | record, VERNON NELSON, ESQ. and STEVEN H. BURKE, ESQ. of the LAW OFFICE OF

19 | VERNON NELSON, and for his claims for relief against defendant, STARPOINT MITIGATION

20 | LLC ("Defendant" or "Starpoint"), complains and alleges as follows:

21 |                                **NATURE OF THE ACTION**

22 |        1.      Plaintiff brings this action for damages pursuant to the Fair Debt Collections Practices

23 | Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act

24 | ("TCPA") under 47 U.S.C. § 227 *et seq.* for Defendant's unlawful conduct.

25 |                                **JURISDICTION AND VENUE**

26 |        2.      This action arises under and is brought pursuant to the FDCPA and TCPA. Subject

27 | matter jurisdiction is conferred upon this Court pursuant to 47 U.S.C. §227, 15 U.S.C. §1692k and 28

28 | U.S.C. §§1331.

THE LAW OFFICE OF VERNON NELSON
ATTORNEY AT LAW

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as Defendant conducts business in the District of Nevada and the acts of the Parties occurred in the District of Nevada.

## PARTIES

4.      Plaintiff is a natural "person", as defined by 47 U.S.C §153(39), who resides in the State of Nevada and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5.      Starpoint is a foreign limited-liability partnership doing business in the State of Nevada. Further, Starpoint is a debt collector as that term is defined by 15 U.S.C. § 1692a (6).

6.      Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

8.      Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

9.      Within the past year, the Defendant has committed violations of the FDCPA and the related state laws described below.

10.      Defendant claims it attempting to collect a debt owed by Plaintiff (the "Debt").

11.      Specifically, Mr. Werner has received calls from Defendant Starpoint in an attempt to collect the Debt. The calls from Defendant Starpoint displayed numbers (800) 319-3775 and (844) 365-7204 on Plaintiff's cellular telephone on or around November 5, 2018.

12.      On or before November 5, 2018, Mr. Werner advised Starpoint by and through its employee representative that he no longer wished to receive calls on his cellular phone, including any calls placed with the use of a "dialer" or Automatic Telephone Dialing System ("ATDS") and/or pre-recorded voice messages.

13.      Starpoint continued to call Mr. Werner, in violation of 15 U.S.C. §1692c(a)(1), as Starpoint knew that calls placed to Mr. Werner's cellular phone were inconvenient to him.

14.      Starpoint's calls violated  47 U.S.C. §227(b)(1)(A), as Mr. Werner had also revoked any prior consent to be called using an ATDS or pre-recorded voice message.

15.    On or about November 5, 2018, in connection with its attempts to collect the Debt, Starpoint representative, Mr. James Mason, contacted Mr. Werner on his cellular telephone again. Mr. Werner reminded Mr. James Mason that he had previously advised Starpoint that he did not want any calls placed to his cellular telephone.

16.    After Starpoint's contact on November 5, 2018, Starpoint failed to provide a notice of debt/validation letter as required by 15 USC §1692g. As such, Starpoint has violated the FDCPA.

17.    Mr. Werner has also discovered that Starpoint has communicated information about the Debt to Mr. Werner's family members on several occasions, including October 26, 2018, November 6, 2018, November 7, 2018.

18.    Upon information and belief, Starpoint reported the Debt to at least one credit bureau. As a result, Starpoint has violated 15 USC §1692e(B)(8) by communicating to any person credit information which is known to be false, including the failure to communicate that a disputed debt is disputed.

19.    The FDCPA prohibits abusive debt collection practices by debt collectors. In this regard, the FDCPA sets certain standards for debt collectors and their communications with debtors. These standards include: (1) the requirement that debt collectors advise debtors of their rights to dispute the debt and demand verification; (2) a ban on the use of false and misleading statements in attempting to collect the debt; and (3) a prohibition against collecting debts via "unfair or unconscionable means."

20.    As is set forth above in paragraphs 8 through 17 above, Defendant violated multiple sections of the FDCPA and used "unfair and unconscionable means" in its attempts to collect the Debt from Plaintiff.

21.    Defendant's violations of the FDCPA have caused the Plaintiff to suffer substantial damages. In this regard, the Plaintiff has suffered: (1) substantial economic damages; (2) severe emotional damages, and (3) damages to his credit history and reputation.

22.    In addition, the Plaintiff has incurred substantial attorney's fees.

23.    The actions of Defendants were committed by other persons or entities employed by the Defendant. The actions of the Defendant were incidental to, or of the same general nature as, the

1  responsibilities that these agents were authorized to perform by the Defendant.

2      24.    The actions of Defendant were committed in its capacity as agents of their principal.
3  The actions of the Defendant were committed within the scope and authority granted by their principal
4  and were motivated to benefit their principal.

5      25.    Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior
6  for the unlawful actions of their employees, including but not limited to violations of the FDCPA and
7  the laws of the State of Nevada.

8                    **FIRST CLAIM FOR RELIEF**

9              **(Violations of the FDCPA, 15 U.S.C. § 1692, *Et. Seq*)**

10     26.    Plaintiff incorporates by reference each and every allegation previously made in this
11  Complaint, as if fully set forth herein.

12     27.    Plaintiff is a "consumer" as defined by 15 U.S.C §1692a(3) of the FDCPA.

13     28.    Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it
14  regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer
15  accounts.

16     29.    Within the past year, Defendant, who is a debt collector under the FDCPA, committed
17  several violations of the FDCPA.

18     30.    As is set forth above in paragraphs 8 through 16 above, the Defendant violated multiple
19  sections of the FDCPA and used "unfair and unconscionable means" to collect a debt by attempting to
20  collect the debt from Plaintiff.

21     31.    Defendant committed numerous violations of the FDCPA; including but not limited to:
22          A.    by "mischaracterizing the character, amount, and legal status of the
23                Domesticated Judgment."
24          B.    by employing various false representations and deceptive means to
25                collect the alleged debt from Plaintiff.
26          C.    by taking illegal action to collect the debt from Plaintiff.
27          D.    by attempting to collect from the Plaintiff even though Plaintiff is not liable for
28                the debt.

                                4

32.     The Defendant's numerous violations of the FDCPA constitute numerous, repeated, knowing, intentional, reckless and/or negligent violations of the FDCPA.  As a result of such violations, the Plaintiff is entitled to statutory damages, plus actual damages to be proven at the time of trial in this matter.

33.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and emotional distress damages.

34.     Plaintiff has been forced to retain counsel to pursue this matter and is entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF

### (Violation of the Telephone Consumer Protection Act)

35.     Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

36.     The Telephone Consumer Protection Act ("TCPA"), pursuant to 47 U.S.C. §227(b)(1)(A), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice, without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1) defines an ATDS as "equipment which has the capacity…to store of produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

37.     Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause lasting several seconds in length that Plaintiff experienced during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls.

38.     Defendant violated the TCPA by placing at least 1 phone call to Plaintiff's cellular phone using an ATDS without his consent.

39.     Plaintiff has not at any time given consent to Defendant, the original creditor or any predecessor in interest, to be called with an ATDS on his cellular phone, regarding the subject debt.

40.     The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

41.     Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

42.     As pled in herein, Plaintiff has been harmed and suffered damage as a result of Defendant's illegal actions.

## THIRD CLAIM FOR RELIEF

### (Defamation)

43.     Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

44.     As stated in the Factual Allegations and the other Claims for Relief in this Action, Defendant knowingly and/or recklessly made false statements about Plaintiff to at least one credit bureau.

45.     As stated in the Factual Allegations and the other Claims for Relief in this Action, Defendant knowingly and/or recklessly made false statements about Plaintiff to Plaintiff's family members.

46.     Defendant's false statements were not privileged by any common law or statutory privilege and were, and are, being made in a public forum. Defendant's false statements were made intentionally and without concern whether the statements were true. The false statements have harmed the Plaintiff.

47.     Defendant's statements were made intentionally or with reckless disregard to the truth or veracity of the statements. Defendant knew or should have known its false statements would harm the Plaintiff.

48.     The actions of Defendants have been the direct and proximate cause of damages to Plaintiff in an amount in excess of Fifteen Thousand Dollars ($15,000), and other special and general damages according to proof at trial.

49.     The actions of Defendants were malicious, fraudulent, and/or oppressive and Plaintiff is entitled to punitive damages in an amount in excess of Fifteen Thousand Dollars ($15,000).

50.     It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and Plaintiff is entitled to reasonable attorneys' fees and costs incurred herein.

WHEREFORE, Plaintiff, MARK WERNER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

A.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statues and regulations;

B.  Awarding Plaintiff damages of at least $500.00 per phone call and/or treble damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

C.  For general, consequential, incidental, and special damages in excess of Fifteen Thousand Dollars ($15,000.00);

D.  For punitive damages in excess of of Fifteen Thousand Dollars ($15,000.00);

E.  Awarding Plaintiff costs and reasonable attorney's fees;

F.  Enjoining Defendant from further contracting Plaintiff; and

G.  Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all of the issues in this action.

Dated this 12th day of February, 2019.

THE LAW OFFICE OF VERNON NELSON

By:      */s/Vernon Nelson*
VERNON NELSON, ESQ.
Nevada Bar No.: 6434
9480 S. Eastern Avenue, Suite 244
Las Vegas, NV   89123
Tel:  702-476-2500
Fax:  702-476-2788
E-Mail:  vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiff*